120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfonso RAMIREZ-RAMOS, Defendant-Appellant.
 No. 95-56177.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfonso Ramirez-Ramos appeals pro se the denial of his Fed.R.Crim.P. 41 motion for return of property seized pursuant to 21 U.S.C. § 881(a)(4) and (a)(6), and the denial of his motion for leave to amend his Rule 41 motion. Ramirez-Ramos contends that the district court erred by denying his Rule 41 motion because: (1) he was not notified that the government dismissed civil forfeiture proceedings and instituted administrative forfeiture proceedings against his property; and (2) the government seized his property in violation of the Double Jeopardy Clause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Ramirez-Ramos contends that the government violated his due process rights by failing to notify him that civil forfeiture proceedings were dismissed and administrative forfeiture proceedings instituted against his airplane, cash, and documents. This claim lacks merit.
 
 
 4
 We review de novo a district court's finding that a claimant lacks standing to challenge a forfeiture. See United States v. $191,910.00 in United States Currency, 16 F.3d 1051, 1057 (9th Cir.1994). The claimant bears the burden of showing that he or she owns or has an interest in the forfeited property. See id. at 1058. A claimant need not have an ownership interest to establish standing; any interest, including possessory interest will suffice. Id. at 1057. However, the claim of interest must be more than conclusory. Id. at 1058.
 
 
 5
 Here, the district court determined that Ramirez-Ramos lacked standing because his claim of ownership or possessory interest in the property was merely superficial and conclusory. The district court also found that the documents could not be returned because they were being held in connection with future prosecutions of Ramirez-Ramos's codefendants.
 
 
 6
 Ramirez-Ramos claims that he had an interest in the airplane and currency, and owned the documents. Nevertheless, he does not substantiate his claim of interest with documentation or other proof. Id. Because Ramirez-Ramos failed to substantiate his claims, he lacks standing to challenge the forfeiture. See id. Accordingly, the district court did not err by denying his Rule 41 motion. See id. at 1057.
 
 
 7
 Ramirez-Ramos also contends that the district court erred by denying his motion to amend, because the forfeiture of property seized pursuant to his plea agreement violated double jeopardy. We disagree.
 
 
 8
 The district court did not abuse its discretion by denying Ramirez-Ramos's motion to amend because the amendment would have been futile, in light of United States v. Ursery, 116 S.Ct. 2135 (1996) (foreclosing contentions that criminal prosecution subsequent to civil forfeiture violates double jeopardy). See Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991) (reviewing denial of motion for leave to amend for an abuse of discretion).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3